Pearson, J.
 

 The general principles involved in this case, are fully discussed and settled in
 
 Ingram
 
 v. Hough, 1 Jones’ Rep. 43;
 
 Mebane
 
 v.
 
 Patrick,
 
 Ibid. 23. These cases, as it seems to us, put the doctrine of the presumption of a right of > way from
 
 user,
 
 on its true basis; and, as was said in the argument, considering the state of things among us for many years past, in regard to one neighbor’s passing over the uninclosed land of another, either on foot or horseback, or with
 
 *187
 
 Ilis wagon, any other conclusion would have resulted in great and general inconvenience.
 

 The counsel for the plaintiff, conceding the general principio to he settled, excepted upon two minor objections.
 

 1. Ilis Honor charged, that upon a certain state of facts the jury
 
 had a right
 
 to presume a grant of the easement.
 

 The presumption of a grant is a matter of fact, and cannot he made by the Court. But it is proper for the Court to advise, or (as we say) instruct the jury, that if certain facts are found by them, it is their duty to presume a grant. Had a special instruction to this effect been ashed for, it would have been error to refuse it. But it does not appear that the attention of his Honor was called to it, and the language used by him was much the same in effect; for it was the duty of the jury to do whatever they have a right to do, for the purpose of finding a true verdict. There is nothing tending to show that the charge was not understood in this sense.
 

 2. Ilis Honor told-the jury that the petition was evidence against the plaintiff, hut was very slight evidence.
 

 The competency of the petition was not disputed, and certainly tiie plaintiff has no right to complain because his Hon- or took sides with him, and expressed the opinion that it was very slight evidence; for if evidence against him, it at least amounted to that. The
 
 defendant
 
 had a right to complain that this expression of opinion, in regard to the weight of the evidence, was unfavorable to him.
 

 Pkr Curiam.
 

 Judgment affirmed.