### H. G. NASH ET AL. v. J. T. SHUTE.

(Filed 15 November, 1922.)

**1. Adverse Possession—Limitation of Actions—Title.**

In order to ripen title to lands by possession, without color, it is not only required that the claimant should have had possession for twenty years, but that the possession should have been adverse under claim of right, and not by permissive user.

**2. Same—Trespasser—Estates—Remainderman—Permanent Damages.**

The remainderman is put to his action only for permanent injury caused by the continued trespass of an adjoining owner on his land during the continuance of the outstanding life estate.

**3. Same—Adjoining Owners of Land.**

Negligible and nonapparent damages during the continuance of a life estate caused by the trespass of an adjoining landowner are not permanent damages that will put the remaindermen, or those claiming under them, to their action during the preceding life estate; and where, after the falling in of the life estate, the one who has acquired title from the remainderman commences to erect a building on his lands, and permanent and serious damages to his walls are caused by dripping of water from the overhanging eaves of a building on the lands of an adjoining owner, first becomes apparent, the trespasser will not ripen title to an easement so to do until the lapse of twenty years, without color, from the time the damages became apparent and serious.

**4. Same—Continuing Trespass.**

In this case, damages for a continuing trespass of an adjoining owner of lands were recoverable for a period of three years next before the commencement of the action.

APPEAL by defendant from *Webb, J.,* at February Term, 1922, of UNION.

The plaintiffs own a lot on Hayne Street, Monroe, lying just north of the defendant's opera house lot. In partition proceedings in 1864, between those under whom both parties claim, the division line was settled at the location claimed by the plaintiffs in this action. In a special proceeding in 1919 between these parties to establish the boundary line, the defendant filed an answer admitting the dividing line claimed by the plaintiffs to be the correct one, and admitting plaintiffs' ownership of their lot, and judgment was rendered accordingly. In 1898 the defendant erected an opera house on his lot, the eaves of which project a few inches beyond his line and over the plaintiffs' lot.

The plaintiffs began the erection of a brick building on their lot in 1920, and in their excavations for a basement and brick walls they found that the water from the eaves on the defendant's building was thrown into the excavation, causing the dirt to cave in and causing considerable expense to pump out the water, and damaging the new walls to the extent that they had to be torn down and rebuilt at great delay and expense.

The defendant refused the plaintiffs' request to remove his eaves so far as they overhang the plaintiffs' lot, and to stop the flow of water on the plaintiffs' land caused thereby. This he refused to do, and this action was brought to compel him to remove his eaves to the extent that they hang over the plaintiffs' land and for recovery of all damages sustained therefrom. The defendant, in his answer, claims that he had acquired an easement to project his eaves over the plaintiffs' property. The plaintiffs denied the existence of the alleged easement, and contend that if the projection of the eaves over their property could be considered possession, still the defendant had not had 20 years possession against these plaintiffs and under those whom they claim.

Upon the issues submitted the jury found that the defendant had constructed the eaves of his opera house building .projecting over the property of the plaintiffs, thereby throwing water thereon, as alleged in the complaint; that the defendant had not acquired an easement so to do; that the plaintiffs' property has been damaged by the water illegally thrown from defendant's building, and assessed the damages at $500. Appeal by defendant.

*Stack, Parker & Craig* for plaintiffs.
*Vann & Milliken* for defendant.

CLARK, C. J. It appears in the evidence, without contradiction, that the division line between the plaintiffs' lot and the defendant's lot was as the defendants claim, having been settled in a proceeding for the division between the then owners in a decree of court, duly recorded in April, 1864; that the defendant had erected the opera house in 1898; that the eaves projected a few inches beyond his line, and thereby water from his roof was thrown upon the plaintiff's land; that from 1872 to 1911 the plaintiffs' lot was owned and in the possession of a life tenant, T. J. Ezzell, from whom, by *mesne* conveyances, the title and possession of the lot.has passed to these plaintiffs. There was no evidence of any damage to lot of plaintiffs prior to 1920 when they began to build on it, and the water from the defendant's eaves began to injure the construction of the building the plaintiffs then began to erect.

The plaintiffs do not claim through or under T. J. Ezzell, the life tenant, who was the owner and in possession of the property from 1872 to 1911. The remaindermen, S. J. and R. F. Ezzell, under whom, by *mesne* conveyances, the plaintiffs claim, could not have maintained an action of ejectment or for damages to the possession against the defendant so long as the life tenant was in possession of the lot. An easement by presumption, which the defendant claims, can arise only upon an adverse possession for 20 years. Even if the defendant's possession of a few inches of space in the air over the lot now owned by the plaintiffs was adverse, it was adverse only to T. J. Ezzell, who was from 1872 to 1911 in actual possession of the lot, and under whom the plaintiffs do not claim.

Where there has been a trespass causing *permanent* damages to the realty, the owner of the remainder may sue for damages to his estate and interest. *Cherry v. Canal Co.,* 140 N. C., 422; *Balcum v. Johnson,* 177 N. C., 213; but the mere occupation of a few inches up in the air was not such a permanent injury to the lot as would warrant an action for trespass by them against the defendant. The remaindermen, S. H. and R. F. Ezzell, who came into possession on the death of the life tenant in 1911, could have maintained an action against the defendant

25—184

if he had entered upon the lot, injured, or removed the house, or otherwise damaged their interest in the lot, but the defendant's occupation of the air for a few inches above their lot did not permanently injure the lot in any way. At least, in this action no injury was shown to have occurred prior to 1920.

The present action is for possession, and the defendant having no deed or color of title, must show 20 years adverse possession against these plaintiffs and those under whom they claim. He cannot tack on the time during which T. J. Ezzell was in possession.

The defendant also pleaded the three years statute of limitations. That would be good as to all damages to the property accrued more than three years before bringing this action, but the plaintiffs neither alleged nor recovered damages, if any, accruing before three years prior to the beginning of this statute.

It has long been settled that the mere lapse of time is not sufficient to create an easement. *Boyden v. Achenbach*, 86 N. C., 399, in which *Smith, C. J.,* held, for a unanimous Court, that it is not only necessary to show that the claimant has used the alleged easement continuously for the 20 years, but that the user was adverse and as of right. See authorities there cited, and the citations thereto in the Anno. Ed.

In that case it was held: "There must be some evidence accompanying the user, giving it a hostile character, and repelling the inference that it is permissive and with the owner's consent, in order to create the easement by prescription and impose the burden upon the land." In this case there was no evidence whatever of any hostile character in the possession of the air by the defendant prior to 1920. On the contrary, when sued to establish the dividing line in a former proceeding in 1919, he frankly admitted that the plaintiffs are the owners of their lot, and set up no claim to any easement.

The remaindermen could not sue, as already stated, except for permanent injury to their estate or interest, and the technical trespass of the defendant in a space of a few inches up in the air of itself was not such permanent injury to the lot as would warrant the remaindermen in recovering damages therefor.

To sum up, the defendant has shown no hostile possession that any length of time would ripen into an easement. *Boyden v. Achenbach, supra.* If there had been hostile possession, the statute would not have run against the remaindermen, or those under whom they claim, until after the death of the life tenant, except as to permanent damages to the freehold, which was neither alleged nor shown.

The other exceptions do not require discussion. The damages claimed accrued in less than 3 years before this action was brought, and the evidence in regard thereto was properly admitted.

No error.