MRS. O. M. HENRY v. D. BRYCE FARLOW, MRS. D. BRYCE FARLOW, H. S. FORKNER AND MRS. H. S. FORKNER.

(Filed 4 November, 1953.)

**1. Easements § 3—**

Mere use of a way over another's land cannot ripen into an easement by prescription, no matter how long it may be continued, but claimant must show also that such use was adverse and under claim of right, since otherwise the law would presume that the use was permissive.

**2. Same—**

Evidence tending to show that plaintiff and her tenants used the roadway across defendants' land for a period of 25 years, without asking permission of defendants or their predecessors in title, and that neither defendants nor their predecessors in title objected to such use during that time, although they knew of such use, *is held* insufficient to be submitted to the jury on the question of plaintiff's acquisition of a prescriptive right.

APPEAL by defendants from *Hatch, Special Judge,* and a jury, at January Term, 1953, of RANDOLPH.

Civil action by plaintiff to enjoin the obstruction of a roadway leading from her land over the lands of the defendants to a public highway.

1. This action involves three adjoining parcels of land in a rural section of Randolph County. The first tract is owned by the plaintiff Mrs. O. M. Henry; the second tract is owned by the defendants D. Bryce Farlow and Mrs. D. Bryce Farlow; and the third tract is owned by the defendants H. S. Forkner and Mrs. H. S. Forkner.

2. During the twenty-five years immediately preceding the event described in the next paragraph, the plaintiff and her tenants used a definite and specific roadway leading from her land over the lands of the defendants to a public highway.

3. In 1951, the defendants, acting in concert, blocked the portions of the roadway on their lands, and in that way obstructed its use by the plaintiff.

4. The plaintiff thereupon brought this action against the defendants, alleging that the plaintiff had acquired a right of way by prescription in the portions of the lands of the defendants included in the roadway, and praying that the defendants be enjoined from interfering with the plaintiff's use of the roadway. The defendants denied the validity of the plaintiff's claim.

5. The action was heard upon the merits before Judge Hatch and a jury at the January Term, 1953, of the Superior Court of Randolph County. The plaintiff's testimony indicated that the plaintiff acquired her land in 1926; that the roadway existed and bore evidences of considerable age at that time; that the plaintiff and her tenants used the roadway in sight of the defendants and their predecessors in title throughout the twenty-five years enumerated in paragraph 2; that the defendants and their predecessors in title did not object to the plaintiff or her tenants using the roadway at any time during the period mentioned in paragraph 2; and that the plaintiff and her tenants did not ask the defendants or their predecessors in title for permission to use the roadway at any time during the period specified in paragraph 2. The evidence of the defendants tended to show that the plaintiff and her tenants used the roadway with the consent of the owners of the soil.

6. Judge Hatch submitted this issue to the jury: "Has the plaintiff acquired an easement in the way over the lands of the defendants by prescriptive, adverse, hostile and non-permissive use, as alleged in the amendment to the complaint, entitling her to use the same without interference or obstruction?" The jury answered the issue "Yes," and Judge Hatch entered judgment on the verdict granting the plaintiff injunctive relief. The defendants excepted and appealed, assigning error.

*Ottway Burton for plaintiff, appellee.*
*G. E. Miller and Adam W. Beck for defendants, appellants.*

ERVIN, J. The assignment of error raises this solitary question: Did the trial judge err in refusing to dismiss the action upon a compulsory nonsuit after all the evidence on both sides was in?

The defendants assert that the evidence is not sufficient to show that the use of the roadway by the plaintiff and her tenants was adverse or under claim of right, and that the question must be answered in the affirmative on that ground, even though the evidence may be ample to establish that the use of the roadway by the plaintiff and her tenants was continuous and notorious for twenty years or longer. We are constrained to agree.

The mere use of a way over another's land cannot ripen into an easement by prescription, no matter how long it may be continued. *Williams v. Foreman, ante,* 301, 77 S.E. 2d 499; *Hemphill v. Board of Aldermen,* 212 N.C. 185, 193 S.E. 153; *McPherson v. Williams,* 205 N.C. 177, 170 S.E. 662; *Colvin v. Power Company,* 199 N.C. 353, 154 S.E. 678; *Gruber v. Eubank,* 197 N.C. 280, 148 S.E. 246; *Grant v. Power Company,* 196 N.C. 617, 146 S.E. 531; *Durham v. Wright,* 190 N.C. 568, 130 S.E. 161; *Draper v. Conner,* 187 N.C. 18, 121 S.E. 29; *S. v. Norris,* 174 N.C. 808,

93 S.E. 950; *Snowden v. Bell,* 166 N.C. 208, 80 S.E. 888; *Snowden v. Bell,* 159 N.C. 497, 75 S.E. 721; *Boyden v. Achenbach,* 79 N.C. 540; *Ray v. Lipscomb,* 48 N.C. 185; *Smith v. Bennett,* 46 N.C. 372; *Ingraham v. Hough,* 46 N.C. 39; *Mebane v. Patrick,* 46 N.C. 23.

This is necessarily so because the law presumes that the use of a way over another's land is permissive or with the owner's consent unless the contrary appears. *McCracken v. Clark,* 235 N.C. 186, 69 S.E. 2d 184; *Speight v. Anderson,* 226 N.C. 492, 39 S.E. 2d 371; *Chesson v. Jordan,* 224 N.C. 289, 29 S.E. 2d 906; *Darr v. Aluminum Co.,* 215 N.C. 768, 3 S.E. 2d 434; *Weaver v. Pitts,* 191 N.C. 747, 133 S.E. 3; *Perry v. White,* 185 N.C. 79, 116 S.E. 84. "There must be some evidence accompanying the user, giving it a hostile character, and repelling the inference that it is permissive and with the owner's consent in order to create the easement by prescription and impose the burden upon the land." *Darr v. Aluminum Co., supra; Nash v. Shute,* 184 N.C. 383, 114 S.E. 470; *Boyden v. Achenbach,* 86 N.C. 397.

The evidence does not suffice to show that the use of the roadway by the plaintiff and her tenants was accompanied by circumstances giving it an adverse character and rebutting the presumption that it was permissive. The circumstance that the owners of the soil did not object to the use of the way harmonizes with the theory that they permitted the use of the way. There is, moreover, no inconsistency between the circumstance that the plaintiff and her tenants used the way without asking the owners of the soil for permission to do so, and the conclusion that the plaintiff and her tenants used the way with the implied consent of the owners of the soil. When all is said, the assertion that the plaintiff and her tenants used the way without asking the permission of the owners of the soil is tantamount to the assertion that the plaintiff and her tenants used the way in silence. Neither law nor logic can confer upon a silent use a greater probative value than that inherent in a mere use.

For the reasons given, the judgment is

Reversed.