JOE D. GODFREY AND WIFE, ANNIE MAE GODFREY v. VAN HARRIS REALTY, INC.

No. 8411DC446

(Filed 5 February 1985)

Easements § 6.1 — roadway — use for less than 20 years — no prescriptive easement

In plaintiffs' action to establish an easement by prescription across defendant's land, the trial court erred in failing to grant defendant's motion for a directed verdict where plaintiffs failed to show continuous and uninterrupted adverse use of a roadway for a period of at least twenty years, since plaintiffs used the roadway for 18 years and 11 months before bringing this action;

plaintiffs' predecessor in title used the roadway for 6 to 9 months before plaintiffs acquired title; that left 4 to 7 months of the required 20 years when the roadway was not in continuous use; and 3 or 4 excursions across the roadway to examine timber by plaintiffs' predecessors while they were prospective purchasers of the land could not be tacked to fulfill the 20 year requirement because such use did not indicate hostile and adverse use sufficient to rebut the presumption that the use was permissive.

APPEAL by defendant from *Christian, Judge.* Judgment entered 22 December 1983 in District Court, LEE County. Heard in the Court of Appeals 6 December 1984.

Plaintiffs seek to establish an easement by prescription across defendant's land. The jury returned a verdict for plaintiffs and the court entered judgment declaring the easement. Defendant appeals.

*Cameron, Hager & Kinnaman, P.A., by Richard B. Hager, for plaintiff appellees.*

*Love & Wicker, P.A., by Jimmy L. Love, for defendant appellant.*

WHICHARD, Judge.

Plaintiffs prayed for a declaratory judgment establishing that they have an easement over a roadway across land owned by defendant. They claim the easement through prescriptive use by themselves and their predecessors in title. Defendant contends the court erred in failing to grant its motion for a directed verdict. We agree and accordingly reverse.

Under G.S. 1A-1, Rule 50 defendant is entitled to a directed verdict only if the evidence, considered in the light most favorable to plaintiffs, fails to show each and every element required to establish an easement by prescription. *Potts v. Burnette,* 301 N.C. 663, 665, 273 S.E. 2d 285, 287 (1981); *see also Dickinson v. Pake,* 284 N.C. 576, 583-84, 201 S.E. 2d 897, 902 (1974). The court must deem true all evidence which tends to support plaintiffs' position, resolving all evidentiary conflicts in their favor and giving them the benefit of all reasonable inferences. *Daughtry v. Turnage,* 295 N.C. 543, 544, 246 S.E. 2d 788, 789 (1978); *Potts,* 301 N.C. at 665, 273 S.E. 2d at 287.

The evidence, so considered, tends to show:

In mid-March 1964 plaintiffs bought from Ernest Brewer a tract of land adjacent to property now owned by defendant. Since purchasing the tract plaintiffs have used a roadway located on defendant's property as the primary means of getting to their land. There are no structures on the tract and plaintiffs have never resided there. They have performed some maintenance on the roadway.

After buying the tract plaintiffs used the roadway at least once a week. During the summer of 1965 and regularly since the spring of 1968, plaintiffs used it at least three or four times a week to prepare for and later to conduct a cattle raising operation. Both defendant and his predecessor in title knew plaintiffs were using the roadway. Plaintiffs used the roadway during a total of eighteen years and eleven months before bringing this action.

Plaintiffs' predecessor in title, Brewer, owned the tract from mid-March 1963 until mid-March 1964. Brewer and a business associate, Fred Powers, ran a sawmill operation on the tract for six to eight months beginning between mid-June and mid-September 1963. While the sawmill was in operation Powers and the sawmill crews used defendant's roadway daily as their sole means of access to the sawmill. Trucks hauled lumber across the roadway two to four times a day.

Three to six months before Brewer bought the tract he and Powers went onto it to examine the timber. During each of those three or four excursions between approximately mid-September and mid-December 1962, they used defendant's roadway to enter and leave. Powers did not ask permission to use the roadway for these excursions or for the later sawmill operation. Although Brewer did not testify, Powers does not believe Brewer ever asked permission.

Brewer's predecessor in title acquired the tract in May 1949. He later sold the timber rights to Piedmont Woodyards. In late 1952 or early 1953 a crew from Piedmont cut timber from the tract, using the roadway almost daily for six to eight months. The Piedmont employee in charge of the timber crew had no knowledge of anyone from Piedmont asking permission to use the roadway.

An easement by prescription, like adverse possession, is not favored in the law, and "it [is] the better-reasoned view to place the burden of proving every essential element, including hostility, on the party who is claiming against the interests of the true owner." *Potts*, 301 N.C. at 667, 273 S.E. 2d at 288; *accord Dickinson*, 284 N.C. at 580, 201 S.E. 2d at 900. To establish a prescriptive easement, the evidence must prove that the use (1) was adverse, hostile, or under claim of right; (2) was so open and notorious that the true owner probably had notice of it; (3) was continuous and uninterrupted for a period of at least twenty years; and (4) involved a way that had substantial identity throughout the twenty-year period. *Potts*, 301 N.C. at 666, 273 S.E. 2d at 287-88; *Dickinson*, 284 N.C. at 580-81, 201 S.E. 2d at 900-01.

Assuming without deciding that plaintiffs' evidence is sufficient to show the second and fourth elements, we find it insufficient to show continuous and uninterrupted adverse use for a period of at least twenty years. Since plaintiffs brought this action in mid-February 1983, they must show evidence of continuous adverse use since at least mid-February 1963. Use of the road by Powers and his sawmill crew began sometime between mid-June and mid-September 1963. The time period thus established is several months less than the requisite twenty years.

Plaintiffs contend that the use of the road by Powers and Brewer in 1962 can be tacked to fulfill the twenty-year requirement. We find insufficient evidence, however, that this 1962 use was adverse, hostile, or under claim of right. "A 'hostile' use is . . . a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under claim of right." *Dulin v. Faires*, 266 N.C. 257, 261, 145 S.E. 2d 873, 875 (1966). The 1962 use consisted of three or four excursions to examine timber while Brewer and Powers were prospective purchasers of the land. This evidence, without more, suggests at most mere random trespasses.

The law presumes that the use of a way over another's land is permissive or with the owner's consent unless the contrary appears. *Henry v. Farlow*, 238 N.C. 542, 544, 78 S.E. 2d 244, 245 (1953). The testimony by Powers that he had not asked permission prior to the 1962 use, and that he was unsure if Brewer had done so, is tantamount to an assertion that he used the roadway in

silence. "Neither law nor logic can confer upon a silent use a greater probative value than that inherent in a mere use." *Id.*, 78 S.E. 2d at 246. The mere use of a way over another's land cannot ripen into an easement by prescription, no matter how long it may be continued. *Id.*, 238 N.C. at 543, 78 S.E. 2d at 245.

The evidence is not sufficient to show that the 1962 use was accompanied by other circumstances which would give it an adverse character and rebut the presumption that it was permissive. The few excursions by Powers and Brewer are distinguishable from uses in other cases where our courts have favorably considered the absence of permission to use a right-of-way. In *Oshita v. Hill*, 65 N.C. App. 326, 308 S.E. 2d 923 (1983), plaintiffs' evidence showed almost daily use of a road from 1932 until 1974 and repeated performance of extensive, costly and noticeable road maintenance, without any permission being given or sought. Likewise, in *Potts*, 301 N.C. 663, 273 S.E. 2d 285, the hostile character of the use was evinced not only by lack of permission but also by plaintiffs' performance of road maintenance, by plaintiffs' testimony that they considered the road their own, and by the fact that plaintiffs, their families and the public had used the road for fifty years for social and agricultural purposes, it being the only means of vehicular access to plaintiffs' property. In *Dickinson*, 284 N.C. 576, 201 S.E. 2d 897, the use by plaintiffs and their predecessors in title covered a twenty-nine-year period during which a family living in a house at the end of a neighbor's road used the road as their sole means of ingress and egress, as did all visitors to their home. Plaintiffs here offered no similar evidence to buttress their assertion that the 1962 use was hostile.

Plaintiffs also contend that they may tack the 1952 or 1953 use by Piedmont to establish at least twenty years of continuous use. We disagree. The requirement that the adverse use be continuous means that it must "be exercised more or less frequently, according to the purpose and nature of the easement." *Dickinson*, 284 N.C. at 581, 201 S.E. 2d at 900-01 (quoting J. Webster, Real Estate Law in North Carolina, Sec. 288 at 354 (1971)). Although the continuity requirement does not refer to a perpetually unceasing use, the use must "be often enough and with such regularity as to constitute notice to the potential servient owner that the user is asserting an easement." P. Hetrick, Webster's Real Estate Law in North Carolina, Sec. 321 at 345 (rev. ed. 1981). In the

absence of evidence of adverse use during ten consecutive years, one month of which was the initial portion of the prescriptive period asserted, the court could not, reasonably and in accord with the foregoing authorities, declare the establishment of a prescriptive easement.

In summary, the evidence fails to show continuous and uninterrupted use for a period of at least twenty years. Proof of such continuous use is an essential element of plaintiffs' claim for a prescriptive easement. Lacking such proof, the evidence was insufficient to go to the jury. The court thus erred in denying defendant's motion for a directed verdict.

Reversed.

Chief Judge HEDRICK and Judge EAGLES concur.