TYSON, Judge.
 

 *725
 
 Stanley and Ruby Clodfelter ("Defendants") appeal from the trial court's grant of a perpetual prescriptive easement in favor of Jack L. Myers and Anna Bianca Coe ("Plaintiffs"). We affirm.
 

 I. Background
 

 Coe Road intersects Highway 64 in Lexington, North Carolina, and is identified by a street sign. The tract where Coe Road intersects
 
 *779
 
 with Highway 64 is owned by Plaintiff Myers. Coe Road runs south through two tracts owned by Defendants. The road continues south through two tracts owned by other parties, who are not involved in this dispute. The road then crosses an 18.5 acre tract owned by Plaintiff Myers, and continues to travel south through a 4.1 acre tract owned by Plaintiff Coe.
 

 The 18.5 acre tract owned by Mr. Myers and the 4.1 acre tract owned by Ms. Coe are the properties affected by this easement dispute. Coe Road provides the only means of ingress to and egress from these
 
 *726
 
 properties. A house, garage, and storage building are located on Ms. Coe's property. Ms. Coe lived on the property with her parents when she was a child. Ms. Coe's father lived on the property until 2005. Ms. Coe testified her parents and grandparents maintained Coe Road by "scraping" it, trimming trees, and adding gravel to the road.
 

 A house is also located upon Mr. Myers's property, which he has leased to others in the past. Mr. Myers testified he also performed maintenance of Coe Road by adding gravel and cinderblock, and trimming back trees. Water lines run from Highway 64 along Coe Road to Plaintiffs' properties.
 

 Defendants became upset after Mr. Myers began to consider using his property for a commercial paintball field. In 2005, Defendants dug a large ditch across Coe Road, where the road traverses Defendants' property. Plaintiffs have not been able to access their properties by vehicles since the ditch was constructed.
 

 Plaintiffs filed suit in superior court on 15 January 2013. Plaintiffs alleged they, and their predecessors in title, have openly, notoriously, continually, and adversely used Coe Road to cross Defendants' property for over fifty years. Plaintiffs sought an adjudication, finding they are the holders of a non-exclusive prescriptive easement through Defendants' property along Coe Road, and an order permanently enjoining Defendants from obstructing the road. Both Plaintiffs also sought monetary damages to compensate for the loss of use of their properties.
 

 The case came before the trial court 17 March 2015. The court found Plaintiffs, or their predecessors in title, have used Coe Road to access their properties and provide utilities to their properties for over sixty years. The court further found: Plaintiffs never asked Defendants for permission to use the road; Defendants never gave Plaintiffs permission to use the road; Plaintiffs have used the road by claim of right; and, Plaintiffs have maintained the road.
 

 The trial court concluded Plaintiffs have openly, notoriously, and by claim of right, used Coe Road to access their properties. The court decreed Plaintiffs as the holders of a twelve foot wide perpetual prescriptive easement for ingress, regress and utilities, over and across Defendants' tracts. The court further concluded Defendants wrongfully closed the road, and ordered them to return the road to its pre-existing condition. The court did not award any damages to either Plaintiff. Defendants appeal. Plaintiffs did not cross appeal.
 

 *727
 

 II. Standard of Review
 

 The standard of review on appeal from a judgment entered after a non-jury trial is "whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts."
 
 Shear v. Stevens Building Co.,
 

 107 N.C.App. 154
 
 , 160,
 
 418 S.E.2d 841
 
 , 845 (1992) (citation omitted). The findings of fact "are conclusive on appeal if there is evidence to support those findings."
 

 Id.
 

 (citation omitted). "A trial court's conclusions of law, however, are reviewable
 
 de novo.
 
 "
 

 Id.
 

 (citation omitted).
 

 III. Prescriptive Easement
 

 "An easement by prescription, like adverse possession, is not favored in the law[.]"
 
 Godfrey v. Van Harris Realty, Inc.,
 

 72 N.C.App. 466
 
 , 469,
 
 325 S.E.2d 27
 
 , 29 (1985) (citation omitted). To establish the existence of a prescriptive easement, the party claiming the easement must prove four elements:
 

 (1) that the use is adverse, hostile, or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the
 
 *780
 
 use has been continuous and uninterrupted for a period of at least twenty years; and (4) that there is substantial identity of the easement claimed throughout the twenty-year period.
 

 Perry v. Williams,
 

 84 N.C.App. 527
 
 , 528-29,
 
 353 S.E.2d 226
 
 , 227 (1987) (citation and quotation marks omitted).
 

 Defendants argue Plaintiffs failed to show either a hostile or adverse use of Coe Road, or a use of the road under claim of right, for a continuous and uninterrupted period of at least twenty years.
 

 Ms. Coe was two years old in 1992, when she acquired title to the 4.1 acre tract from her great-grandparents. Ms. Coe's great-grandparents had acquired ownership of the tract in 1953. Since that time, Coe Road provided the only means of access and egress to and regress from the property via Highway 64, and was used by Ms. Coe and her predecessors in interest for that purpose. She had owned the tract around 13 years when Defendants closed the road in 2005.
 

 Ms. Coe lived on the property with her parents while she was a child. While Ms. Coe lived on the property, her parents "scraped" the road, cut back trees, and added gravel to the roadbed. Ms. Coe's parents and grandparents shared the costs of maintaining the road.
 

 *728
 
 Mr. Myers' 18.5 acre property is directly north of Ms. Coe's property. Mr. Myers acquired his tract from Ms. Coe's relatives by general warranty deeds recorded in 2001 and 2002. He had owned the tract three or four years when Defendants closed access to his property. Evidence showed Mr. Myers also performed maintenance work on the road. Neither Plaintiff had owned their property for the previous twenty years.
 

 " 'Tacking' is the legal principle whereby successive adverse users in privity with prior adverse users can tack successive adverse possession of land so as to aggregate the prescriptive period of twenty years."
 
 Dickinson v. Pake,
 

 284 N.C. 576
 
 , 585,
 
 201 S.E.2d 897
 
 , 903 (1974) (citation omitted) (internal quotation marks supplied). Plaintiffs must prove they or their predecessors in interest engaged in a continuous and hostile or adverse use of the easement for at least twenty years prior to the time Defendants closed the road.
 
 Id.;
 

 Perry,
 

 84 N.C.App. at 528-29
 
 ,
 
 353 S.E.2d at 227
 
 .
 

 "A mere permissive use of a way over another's land, however long it may be continued, can never ripen into an easement by prescription."
 
 Dickinson,
 

 284 N.C. at 581
 
 ,
 
 201 S.E.2d at 900
 
 . "To establish that a use is 'hostile' rather than permissive, it is not necessary to show that there was a heated controversy, or a manifestation of ill will, or that the claimant was in any sense an enemy of the owner of the servient estate."
 
 Id.
 
 at 580-81,
 
 201 S.E.2d at 900
 
 . Rather, "[a] 'hostile' use is simply a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under a claim of right."
 
 Id.
 
 at 581,
 
 201 S.E.2d at 900
 
 (citation omitted).
 

 Hostile use is established by the introduction of "some evidence accompanying the user which tends to show that the use is hostile in character and tends to repel the inference that it is permissive and with the owner's consent."
 

 Id.
 
 See also
 
 James A. Webster, Jr.,
 
 Webster's Real Estate Law in North Carolina
 
 § 15.18[2] (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 6th ed. 2011) (" '[H]ostility' can be sufficiently shown by demonstrating a use exercised under such circumstances as to manifest and give notice that the use was made under a claim of right. Permission given after the hostile use has begun does not destroy the hostility.")
 

 Defendants argue, while Plaintiffs may "tack," their period of alleged adverse use of the road with the period of use by their predecessors, they failed to present evidence to show their predecessors' use of the road was adverse. Mr. Myers has known the Coe family for over fifty years, and the Coe family had always used the easement to access his tract and Ms. Coe's tract. He purchased his property from the Coe family.
 

 *729
 
 Defendant Ruby Clodfelter testified she had no problem with the use of the road "as long as the Coes lived there," but opposed Myers' use of the road because of his plan to
 
 *781
 
 allow a paintball field on his property. She did not specify which Coe family member she referenced.
 

 It is undisputed that Plaintiffs or their predecessors in interest continuously and uninterruptedly used Coe Road for any and all purposes incident to the use and enjoyment of their properties, and as their only means of access, for a period of at least twenty years. Coe Road is identified by a sign at its intersection with Highway 64. The use of the road was open and notorious and with full knowledge by Defendants.
 

 Our Supreme Court has found the "hostility" requirement to establish a prescriptive easement was satisfied in cases with nearly identical facts. In
 
 Potts v. Burnette,
 
 the Court stated:
 

 Plaintiffs' evidence, viewed in the most favorable light, shows that the disputed roadway is the only means of access to plaintiffs' land and the cemetery located thereon and has been openly and continuously used by plaintiffs, their predecessors in title and the public for a period of at least fifty years. No permission has ever been asked or given. Plaintiffs, on at least one occasion, smoothed, graded and gravelled the road, and have, on other occasions, attempted to work on it. Although there was no evidence that plaintiffs thought they owned the road, there was abundant evidence that plaintiffs considered their use of the road to be a right and not a privilege. This evidence is sufficient to rebut the presumption of permissive use and to allow, but not compel, a jury to conclude that the road was used under such circumstances as to give defendants notice that the use was adverse, hostile, and under claim of right and that the use was open and notorious and with defendants' full knowledge and acquiescence.
 

 301 N.C. 663
 
 , 668,
 
 273 S.E.2d 285
 
 , 289 (1981) (emphasis omitted).
 

 Likewise, in
 
 Dickinson,
 
 the plaintiffs and their predecessor maintained the road in passable condition by raking leaves and scattering oyster shells. No evidence was presented that the plaintiffs sought, or the defendants gave, permission for the plaintiffs to use the road. The Court determined the evidence was sufficient to overcome the presumption that the use of the road was permissive.
 
 284 N.C. at 583-84
 
 ,
 
 201 S.E.2d at 901-02
 
 .
 
 See also
 

 Perry,
 

 84 N.C.App. at 529
 
 ,
 
 353 S.E.2d at 228
 
 (finding testimony that the plaintiff's agent maintained a farm path for
 
 *730
 
 the plaintiff's use, and that the plaintiff never asked for and was never given permission to use the farm path, to be "evidence sufficient to rebut the presumption of permissive use").
 

 The record shows "abundant evidence" that Plaintiffs considered and demonstrated their use of Coe Road to be by right, and not a privilege.
 
 Potts,
 

 301 N.C. at 668
 
 ,
 
 273 S.E.2d at 289
 
 . Under these precedents, the evidence is sufficient to rebut the presumption that Plaintiffs' and their predecessors' use of Coe Road was permissive. This evidence supports the trial court's conclusion the "hostility" requirement was met for a period of at least twenty years to establish a prescriptive easement.
 

 IV. Conclusion
 

 Plaintiffs presented sufficient evidence to show all requirements for a prescriptive easement. The trial court properly ordered that Plaintiffs possess a nonexclusive perpetual prescriptive easement, known as Coe Road, for access, ingress, egress, regress and utilities, in, over, across and through the properties of Defendants. The judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 Judges CALABRIA and HUNTER, JR. concur.