WADE H. POTTS; DON WAYNE POTTS, ARTHUR B. POTTS AND MAVIS L. POTTS, TRUSTEES OF JOHN H. POTTS MEMORIAL CEMETERY; BOBBY E. McDANIEL; DONALD R. McDANIEL AND WIFE, NANCY M. McDANIEL; AND FRED B. McDANIEL AND WIFE, JOANN S. McDANIEL v. J. W. BURNETTE AND WIFE, ESTELLE BURNETTE; JUDY LEE BURNETTE ROGERS AND HUSBAND, ALEXANDER ROGERS; JAMES HENRY BURNETTE; C. T. BURNETTE AND WIFE, JUANITA BURNETTE; AND DENNIS HALL BURNETTE

No. 108

(Filed 6 January 1981)

1. Easements § 6.1— *elements of adverse possession*

In order to prevail in an action to establish an easement by prescription, a plaintiff must prove the following elements by the greater weight of the evidence: (1) that the use is adverse, hostile or under a claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for a period of at least 20 years; and (4) that there is substantial identity of the easement claimed throughout the 20 year period.

2. Easements § 6.1; Adverse Possession § 2— **prescriptive easements — presumption of permissive use**

The Supreme Court will adhere to the presumption of permissive use in prescriptive easement cases and will not adopt the presumption of hostile use.

3. Easements § 6.1; Adverse Possession § 25.1— **prescriptive easement — rebuttal of presumption of permissive use - sufficiency of evidence**

In an action to establish a prescriptive easement in a roadway across defendants' land, plaintiffs' evidence was sufficient to rebut the presumption of permissive use and to allow a jury to conclude that the roadway was used under such circumstances as to give defendants notice that the use was adverse, hostile and under a claim of right and that the use was open and notorious and with defendants' full knowledge and acquiescence, where it tended to show that the disputed roadway is the only means of access to plaintiffs' land and the cemetery located thereon and has been open and continuously used by plaintiffs, their predecessors in title, and the public for a period of at least 50 years; no permission for use has ever been asked or given; plaintiffs, on at least one occasion, smoothed, graded and gravelled the road, and have, on other occasions attempted to work on it; and plaintiffs considered their use of the road to be a right and not a privilege.

Justice BROCK did not participate in the consideration or decision of this case.

Chief Justice BRANCH dissenting.

ON plaintiffs' petition for discretionary review of the decision of the Court of Appeals, 46 N.C. App. 626, 265 S.E. 2d 504 (1980), reversing the judgment entered following jury verdict on 16 April 1979 by *Leatherwood, Judge,* in the District Court, JACKSON County.

The primary issues brought forward by this appeal are (1) whether this State should adhere to the presumption of permissive use in prescriptive easement cases or adopt the presumption of hostile use, and (2) if we adhere to the presumption of permissiveness, whether plaintiffs' evidence adequately rebuts that presumption. Although we decline to adopt the presumption of hostility urged upon us by plaintiff-appellants, we hold that appellants' evidence was sufficient to rebut the presumption of permissiveness and reverse the Court of Appeals.

*Rodgers, Cabler & Henson, by J. Edwin Henson, for plaintiff-appellants.*

*Orr, Payne & Kelley, by Robert F. Orr, for defendant-appellees.*

CARLTON, Justice.

I.

This case arose out of the long-continued use by plaintiffs of a roadway over defendants' property to get to and from plaintiffs' land. Plaintiffs brought this action to establish their right to use defendants' roadway by virtue of an easement by prescription and to enjoin defendants from interfering with plaintiffs' use of the road.

In their complaint plaintiffs alleged that they and their predecessors in title had openly and continuously used a road leading from the lands of plaintiffs across the lands of defendants to State Road No. 1149 and that the use of the road by plaintiffs and their predecessors in title had been open, notorious, hostile, adverse and continuous for a period of more than fifty years. The complaint requested, *inter alia*, that the court enjoin defendants from interfering with their use of the roadway and decree a permanent and existing easement in the roadway in favor of plaintiffs' land. Defendants denied the material allegations of the complaint.

At trial, plaintiffs' evidence tended to show that the road in question had been in existence for substantially more than fifty years and had remained essentially in the same location. The road is the only means of access for vehicular traffic to plaintiffs' property. Plaintiffs, members of their families and the public have used the road for at least fifty years to reach plaintiffs' land for social and agricultural purposes and also to visit and attend funerals at the John H. Potts Memorial Cemetery, which is located in the upper corner of plaintiffs' land. Neither plaintiffs nor members of the

public have ever requested permission of defendants or their predecessors in title to use the road and none has been given. Plaintiffs have maintained the road by smoothing, upgrading and gravelling it on at least one occasion. Defendants presented no evidence, but moved for a directed verdict, which was denied. At the close of the evidence, the following issue was submitted to the jury: "(1) Have the Plaintiffs and their predecessors in interest used the roadway over Defendant's [sic] land openly, notoriously, and adversely for a continuous period of twenty (20) years or more?" The jury answered, "Yes," and Judge Leatherwood entered judgment granting plaintiffs a permanent easement for a road right-of-way over defendants' lands and permanently restraining and enjoining defendants from "blocking, obstructing, fencing, chaining, or in any manner interfering with Plaintiffs' easement over the lands of the Defendants." Defendants' motion under Rule 50 (b) for judgment notwithstanding the verdict was denied.

Defendants appealed and the Court of Appeals reversed. Judge Arnold, in an opinion in which Chief Judge Morris and Judge Vaughn concurred, found plaintiffs' evidence insufficient to go to the jury on the issue of hostility and held that defendants were entitled to a directed verdict or a judgment notwithstanding the verdict. Plaintiffs thereupon petitioned for our discretionary review of the Court of Appeals' decision, which we granted on 15 August 1980.

Other facts pertinent to our decision will be set out below.

## II.

Defendants are entitled to a directed verdict and, thus, a judgment notwithstanding the verdict only if the evidence, when considered in the light most favorable to plaintiffs, fails to show the existence of each and every element required to establish an easement by prescription. *Dickinson v. Pake*, 284 N.C. 576, 583, 586, 201 S.E. 2d 897, 902, 903 (1974); Sizemore, General Scope and Philosophy of the New Rules, 5 Wake Forest L. Rev. 1, 41 (1969); *see Snider v. Dickens*, 293 N.C. 356, 237 S.E. 2d 832 (1977); *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973); *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). Plaintiffs are also entitled to the benefit of every reasonable inference which may be legitimately drawn from the evidence, and all evidentiary conflicts must be resolved in their favor. *Daughtry v. Turnage*, 295 N.C. 543, 246 S.E. 2d 788 (1978); *Husketh v. Convenient Systems*, 295 N.C. 459, 245

S.E. 2d 507 (1978); *Clark v. Bodycombe*, 289 N.C. 246, 221 S.E. 2d 506 (1976).

**[1]**   In order to prevail in an action to establish an easement by prescription, a plaintiff must prove the following elements by the greater weight of the evidence: (1) that the use is adverse, hostile or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for a period of at least twenty years; and (4) that there is substantial identity of the easement claimed throughout the twenty-year period. *E.g., Dickinson v. Pake*, 284 N.C. at 580-81, 201 S.E. 2d at 900-01. The Court of Appeals determined that plaintiffs' evidence failed to establish the first element, that their use of the road over defendants' land was "adverse, hostile, or under a claim of right." This Court has, on several occasions, considered the meaning of this requirement. In the most recent of these cases, *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897, we reiterated the principle established in a long line of cases that:

> "To establish that a use is 'hostile' rather than permissive, 'it is not necessary to show that there was a heated controversy, or a manifestation of ill will, or that the claimant was in any sense an enemy of the owner of the servient estate.' [Citations omitted.] A 'hostile' use is simply a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under a claim of right." *Dulin v. Faires*, [266 N.C. 257, 260-61, 145 S.E. 2d 873, 875 (1966)]. There must be some evidence accompanying the user which tends to repel the inference that it is permissive and with the owner's consent. [Citations omitted.] A mere permissive use of a way over another's land, however long it may be continued, can never ripen into an easement by prescription. [Citations omitted.]

*Dickinson v. Pake*, 284 N.C. at 580-81, 201 S.E. 2d at 900.

**[2]**   Much confusion and controversy have arisen over the requirement that the use be hostile.[1] Plaintiffs have vigorously urged us to reject our present position that a user is presumed to be permissive

---

[1]For an excellent discussion of the development of the law of prescriptive easements in North Carolina see Justice Huskins' learned opinion in *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974).

Potts v. Burnette .

and adopt the rule, obtaining in the majority of jurisdictions, that the user is presumed to be adverse.[2] This we decline to do. An easement by prescription, like adverse possession, is not favored in the law, 2 G. Thompson, Real Property §§ 335, 337 (1980), and we deem it the better-reasoned view to place the burden of proving every essential element, including hostility, on the party who is claiming against the interests of the true owner. Additionally we note that "[t]he modern tendency is to restrict the right of one to acquire a prescriptive right-of-way whereby another, through a mere neighborly act, may be deprived of his property by its becoming vested in one whom he favored." 2 G. Thompson, Real Property § 335, at 145. Thus, in order for plaintiffs to succeed in their claim, they must have shown sufficient evidence of the hostile character of their use to create an issue of fact for the jury.

The facts and legal posture in *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897, are strikingly similar to the case before us. In *Dickinson*, plaintiffs brought action to establish a prescriptive easement in a roadway over defendants' land which had been used by themselves and the public to reach plaintiffs' property for over twenty year. The disputed roadway provided the sole means of ingress and egress to plaintiffs' land. Plaintiffs had themselves performed the slight maintenance necessary to keep the road passable. Permission to use the road had neither been sought nor given, and plaintiffs testified that, prior to the blocking of the road by defendants, they considered the road to be their own. Defendants presented no evidence, and the jury returned a verdict in favor of plaintiffs. Defendants moved, as here, for judgment notwithstanding the verdict; however, in *Dickinson*, the motion was granted and judgment was entered for defendants.

On appeal to this Court from a decision of the Court of Appeals affirming the judgment, we reversed. Justice Huskins, writing for the Court, found the evidence, viewed in the light most favorable to plaintiffs, sufficient to establish the following:

(1) the Lupton family continuously and uninterruptedly used Lupton Drive substantially as now located, for any and all purposes incident to the use and enjoyment of their property, from 1938 until 1968 as their only means of access from their property to the Lennoxville Road; (2)

[2] 3 R. Powell, The Law of Real Property ¶413, at 34-113 (1979) and cases cited therein at n. 18; 2 G. Thompson, Real Property § 335, at 144 (1980) and cases cited therein at n. 28.

the use of said road commenced before defendants acquired the servient estate and was continued under such circumstances as to give defendants notice that the use was adverse, hostile, and under claim of right; (3) the use was open and notorious and with defendants' full knowledge and acquiescence. *Dulin v. Faires*, 266 N.C. 257, 145 S.E. 2d 873 (1966).

*Dickinson v. Pake*, 284 N.C. at 583-84, 201 S.E. 2d at 902.

**[3]** We think *Dickinson* controls the disposition of this case. Plaintiffs' evidence, viewed in the most favorable light, shows that the disputed roadway is the only means of access to plaintiffs' land and the cemetery located thereon and has been openly and continuously used by plaintiffs, their predecessors in title and the public for a period of at least fifty years. No permission has ever been asked or given. Plaintiffs, on at least one occasion, smoothed, graded and gravelled the road, and have, on other occasions, attempted to work on it. Although there was no evidence that plaintiffs thought they owned the road, there was abundant evidence that plaintiffs considered their use of the road to be a *right* and not a privilege. This evidence is sufficient to rebut the presumption of permissive use and to allow, but not compel, a jury to conclude that the road was used under such circumstances as to give defendants notice that the use was adverse, hostile, and under claim of right and that the use was open and notorious and with defendants' full knowledge and acquiescence.

We conclude that plaintiffs' evidence tends to establish the existence of every essential element of their claim for a prescriptive easement, and the jury verdict must stand. We, therefore, reverse the Court of Appeals and remand to that court with directions to remand to the District Court, Jackson County, for entry of judgment in accordance with the jury verdict in favor of plaintiffs.

Reversed and remanded.

Justice BROCK did not participate in the consideration or decision of this case.

Chief Justice BRANCH dissenting.

I agree with the rules of law upon which the majority relies. However, taking the evidence in the light most favorable to the plaintiffs, I am unable to glean from this record evidence which is sufficient to overcome the presumption that plaintiffs' use of the

road was permissive. It is true that there is evidence that on one occasion plaintiffs scraped the roadway, but on that occasion defendants did not permit them to scrape a certain portion of the land. On another occasion, the evidence discloses that plaintiffs asked permission of defendants to bring in a bulldozer in order to widen a portion of the road lying on plaintiffs' land. In my opinion, these acts are not consistent with a hostile, adverse use or a use under claim of right. To the contrary, such acts seem to be consistent with a permissive use. I vote to affirm the decision of the Court of Appeals.