RAYMOND GERALD RATHBURN AND WIFE, MARY FRANCES RATHBURN v.
DENVER C. HAWKINS AND WIFE, ZOLA MAE HAWKINS

No. 8128DC466

(Filed 16 February 1982)

**Adverse Possession §§ 2.6— right-of-way in driveway—issue of permissive use—
summary judgment improper**

> In an action to establish a prescriptive easement over defendants' proper-
> ty, the trial court erred in granting summary judgment for defendants as the
> forecast of plaintiffs' evidence was sufficient to show adverse possession, if a
> disputed permission issue can be resolved in plaintiffs' favor. The fact that the
> plaintiffs, as owners, have not shown adverse use for the statutory period of
> twenty years does not defeat their claim if they can offer proof that the re-
> quirement to establish prescriptive use existed in their predecessor in title.

APPEAL by plaintiffs from *Roda, Judge.* Judgment entered 30
January 1981 in District Court, BUNCOMBE County. Heard in the
Court of Appeals 5 January 1982.

This is an appeal from summary judgment for defendants in
an action to establish a prescriptive easement over defendants'
property.

In their complaint plaintiffs alleged that they had adversely
possessed a right-of-way over defendants' land for more than
twenty years and prayed for judgment recognizing their owner-
ship of the right-of-way. Defendants answered by denying plain-
tiffs' allegations and counterclaimed that plaintiffs used the
driveway with defendants' permission which was withdrawn on 17
March 1980. Defendants also alleged trespass and nuisance for
which they sought $10.00 per day in damages and an injunction
against such trespass.

Defendants moved for summary judgment. In support of
their motion they offered the following: the depositions of both
plaintiffs; the affidavit of defendant Denver C. Hawkins; and a
copy of a deed dated 4 October 1960 from F. B. Short and wife to
plaintiffs, recorded in Deed Book 836, page 503, Buncombe County
Register of Deeds. At the hearing on the motion, plaintiffs offered
into evidence the affidavit of plaintiff Raymond Gerald Rathburn.

In his affidavit defendant Denver Hawkins stated that since
1944 he and his wife had owned the land on which the driveway

plaintiffs claim as a right-of-way is located. In late 1959 or early 1960 plaintiff Raymond Rathburn told defendant that he planned to buy property adjoining defendants' land and asked defendant if any right-of-way existed across defendants' property. Defendant advised Rathburn that there was no right-of-way but gave his permission for such use. By letter dated 17 March 1980 defendants withdrew this permission.

Plaintiff Gerald Rathburn's deposition and affidavit indicated that his house is at the terminus of the disputed driveway and that the driveway is the only access to his property. The house was built in the 1940's, and it appeared that the driveway had also been in existence since that time. Plaintiffs rented the house from the owner beginning in January 1960, bought the property in June or July 1960, and lived there until 1969. Since 1969 they have rented the house to various tenants. Plaintiffs have added gravel to the driveway each year since they have owned the property. The driveway is used exclusively by plaintiffs, their friends, neighbors and tenants. Defendants built a fence along the driveway in the 1960's. The location of the right-of-way is shown on a plat attached to a deed dated 22 June 1973 in which defendants conveyed part of their property.

According to plaintiff's affidavit, the only conversation between plaintiffs and defendants concerning the right-of-way occurred after a surveyor had placed a stake in the middle of the driveway. Mr. Hawkins stated that the right-of-way was further down the hill, and he and Mr. Rathburn discussed moving the driveway. However, Mr. Hawkins said, " 'Since the right-of-way has always been in that location, let's just leave it there.' "

Plaintiffs thought they had a legal right-of-way over defendants' property and did not learn otherwise until they received the letter withdrawing defendants' permission to use the driveway. Both plaintiffs stated that they did not intend to take anything away from Mr. Hawkins.

The court granted summary judgment for defendants and enjoined plaintiffs from going over defendants' land. Plaintiffs appealed.

*Riddle, Shackelford & Hyler by John E. Shackelford for plaintiff appellants.*

*Barnes, Wadford, Carter & Kropelnicki by Steven Kropelnicki, Jr., for defendant appellees.*

CLARK, Judge.

The sole issue before this Court is whether the trial court erred in granting summary judgment for defendants. G.S. 1A-1, Rule 56, provides that a motion for summary judgment is properly granted if the pleadings and other documents filed show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

An issue is material if the facts alleged "would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E. 2d 897, 901 (1972).

In *Dickinson v. Pake*, 284 N.C. 576, 580-81, 201 S.E. 2d 897, 900-01 (1973), the Supreme Court in a decision written by Huskins, J., traced the development in this State of the law concerning prescriptive easements. The decision enumerated the following legal principles applicable to prescriptive easements:

"1. The burden of proving the elements essential to the acquisition of a prescriptive easement is on the party claiming the easement. . . .

2. The law presumes that the use of a way over another's land is permissive or with the owner's consent unless the contrary appears. . . .

3. The use must be adverse, hostile, or under a claim of right. . . .

4. The use must be open and notorious. . . .

5. The adverse use must be continuous and uninterrupted for a period of twenty years. . . .

6. There must be substantial identity of the easement claimed. . . ." (all citations omitted)

The facts in *Dickinson* are very similar to those of the case *sub judice*. In each case, the roadway was used continuously by the plaintiffs under such circumstances as to give defendants notice that the use was adverse, hostile or under claim of right; the roadway was the only means of access to the house on the property; the defendants had placed a fence (this case) and shrubbery and old tires (*Dickinson*) along the edge of the driveway; and plaintiffs had performed some maintenance on the roadway. Our Supreme Court held in *Dickinson* that the evidence was sufficient to rebut the presumption that the use was permissive and to submit the issue to the jury. *See, Potts v. Burnette,* 301 N.C. 663, 273 S.E. 2d 285 (1981).

In the case before us the parties offered conflicting proof on the question of whether plaintiffs asked for permission to use the driveway. In *Dickinson,* however, there was no evidence that plaintiff had ever sought or that defendants had ever given permission to use the roadway. Therefore, it is obvious that the conflicting evidence concerning permission to use the driveway is crucial to the outcome of the case here presented and must be resolved. The testimony of plaintiff and defendant is contradictory on this issue: Mr. Hawkins averred that plaintiff sought permission to use the roadway, which was granted; however, Mr. Rathburn denied that this conversation had in fact occurred. Therefore, it is for the trier of facts, not the court, to determine which party is to be believed. "[I]f there is any question as to the credibility of affiants in a summary judgment motion or if there is a question which can be resolved only by the weight of the evidence, summary judgment should be denied." *City of Thomasville v. Lease-Afex, Inc.,* 300 N.C. 651, 655, 268 S.E. 2d 190, 193-94 (1980). *See also, Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979).

Based upon the decision in *Dickinson v. Pake, supra,* we believe that the forecast of plaintiffs' evidence was sufficient to show adverse possession, if the disputed permission issue can be resolved in plaintiffs' favor. The mere fact that defendants at the taking of the depositions were able to elicit from plaintiffs the statements that they had no intention of taking property from defendants is not in itself sufficient to negate adverse possession.

The evidence tended to show that plaintiffs adversely possessed the driveway under claim of right. This claim appears to have been recognized by defendants as shown by the plat attached to their deed to Abe Anders recorded in Book 1082, Page 738, Buncombe County Registry, on which the right-of-way is indicated, and also as acknowledged in the conversation between Mr. Hawkins and Mr. Rathburn concerning moving the location of the driveway.

We note that the plaintiffs as owners have not shown adverse use for the statutory period of twenty years. They became record title holders of the property in October 1960, and therefore they were about six months short of the requisite period at the time defendants' withdrew permission (March 1980). Since it appears from the record that the driveway has been in existence as long as has the house itself, this should pose no problem for plaintiffs. They, of course, can tack the possession of their predecessor in title (including plaintiffs' possession as tenants and agents of the owner) to their own use, as long as they offer proof at trial that the requirements to establish prescriptive use also existed in their predecessor. *Alexander v. Gibbon*, 118 N.C. 796, 24 S.E. 748 (1896); J. Webster, *Real Estate Law in North Carolina* § 262 (1971).

We conclude that summary judgment was improvidently entered because the record discloses a material issue of fact.

Reversed.

Judges WHICHARD and BECTON concur.