PATRICIA BENTHALL WARMACK AND CHARLES PATRICK WARMACK v. MANNING P. COOKE

No. 846SC126

(Filed 4 December 1984)

1. Easements § 6.1— easements by prescription over two farm paths—separate uses required

Where an action seeks to establish by prescription easements for ingress and egress to plaintiffs' farm over two paths in separate locations, separate uses are required to establish title in either or both.

2. Easements § 6.1— easement by prescription—farm path—evidence sufficient

In an action to establish easements by prescription, plaintiffs' evidence of a hostile use was sufficient to go to the jury where plaintiffs' evidence showed that plaintiffs and defendant owned adjoining tracts acquired from a common ancestor; that plaintiffs' chain of title went back to 1943; that plaintiffs had used or leased their land and the path over defendant's land continuously for various farming or logging operations, with the exception of a lease to a hunting club from 1969 to 1975; and that plaintiffs, their ancestors, and lessees had engaged in maintenance of the path.

3. Easements § 6.1— easement by prescription—public use by neighbors—claim of exclusive possession not defeated

In an action to establish easements by prescription, evidence of public use consisting of neighbors using the paths from time to time in passing to and from their own property will not defeat the claim of hostile and exclusive use. A claim of adverse possession does not require that all persons be barred at all times from transversing the property; rather, the hostile acts required are those which tend to give the owner of the servient estate notice that the use is being made under a claim of right and which repel the inference of permissive use.

4. Easements § 6.1— easement by prescription—continuous use not interrupted

In an action to establish easements by prescription, plaintiffs' continuous use was not interrupted by a period when the same person leased plaintiffs' and defendant's tracts because plaintiffs retained and used a portion of their tract, and continued to use the paths in question. The erection of an electric fence across the path did not interrupt plaintiffs' possession because a hook placed on the wire where it crossed the path allowed passage.

5. Easements § 6.1— easement by prescription—evidence properly admitted

In an action to establish easements by prescription, the trial judge did not err in admitting evidence of kinship between the parties for consideration by the jury and in denying a requested instruction on the relationship, did not err in admitting evidence of the use of the paths prior to defendant's acquisition of his property when the jury was instructed to consider evidence of adverse possession only from the time he acquired his property, and did not err in

refusing to charge the jury that the proper period for consideration for a prescriptive right was the twenty years next preceding the claim.

APPEAL by defendant from *Brown, Judge*. Judgment entered 15 September 1983 in Superior Court, NORTHAMPTON County. Heard in the Court of Appeals 25 October 1984.

This action arises out of plaintiffs' use of two farm paths located on defendant's farms and leading to plaintiffs' farm. Plaintiffs institute this action to establish their right to use the roadways by virtue of an easement by prescription and to enjoin defendant from interfering with that right.

Plaintiffs alleged in their complaint that "[p]laintiffs and their predecessors in title have continuously used such roads for ingress and egress under an absolute claim of right, without the consent or permission of the defendants." Plaintiffs sought a temporary and mandatory injunction enjoining defendant from interfering with plaintiffs' access to their lands, together with actual and punitive damages. The defendant answered denying plaintiffs' allegations and seeking an injunction permanently enjoining plaintiffs from use of the paths, together with a prayer for damages arising out of the unauthorized use.

At trial the evidence tended to establish the following. Plaintiff Patricia Benthall Warmack and defendant Manning P. Cooke are first cousins, both being the grandchildren of W. P. Benthall. Plaintiff Patricia Benthall Warmack owns and operates a farm in Northampton County. Defendant owns two farms lying west of and adjoining her land. Patricia Benthall Warmack acquired her property by deed of gift from her father in 1973. Her son, plaintiff Charles Patrick Warmack, rents a portion of the property from her. Patricia Benthall Warmack's father, Wilton P. Benthall, acquired title from his father, W. P. Benthall, in October 1943.

At that time, October 1943, W. P. Benthall owned the lands now held by defendant. After W. P. Benthall's death in 1944, defendant's mother owned the property as life tenant, and defendant acquired the lands in two transactions occurring in 1949 and 1952.

By letter dated 6 April 1981 defendant notified plaintiffs that they would no longer be permitted to use the farm paths. Defend-

ant subsequently installed large drainage pipes across the paths, blocking them.

Defendant moved for a directed verdict, which was denied. At the close of the evidence, the issues were submitted to the jury and answered as follows:

1. Is the Plaintiff, Patricia Benthall Warmack, the owner of an easement of right-of-way over the farm path across the property of the Defendant, Manning P. Cooke, as such path extends to the northwest corner of Plaintiff, Patricia Benthall Warmack's property . . .?

ANSWER: No.

2. Is the Plaintiff, Patricia Benthall Warmack, the owner of an easement of right-of-way over the farm path across the property of the Defendant, Manning P. Cooke, as such path extends to the western line of Plaintiff, Patricia Benthall Warmack's property . . .?

ANSWER: Yes.

Defendant's motion under Rule 50(b) of the North Carolina Rules of Civil Procedure for judgment notwithstanding the verdict was denied, and he appealed. Plaintiffs cross-appealed. Other facts necessary to a resolution of the issues presented herein will be set out below.

*Spruill, Lane, Carlton, McCotter & Jolly by Ernie K. Murray for plaintiff appellees.*

*Moore, Van Allen and Allen by C. Steven Mason and Charles J. Vaughan for defendant appellant.*

HILL, Judge.

Plaintiff, pursuant to Rule 28(c) of the North Carolina Rules of Appellate Procedure, has submitted an alternative statement of the questions presented, expanding to seven, rather than four, the areas of concern raised in this appeal. We believe this case can be decided on the disposition of the issues as hereinafter set out.

[1] The lawsuit seeks to establish by prescription two separate easements for ingress and egress to plaintiffs' farm. Because of separate locations of the two paths, separate uses must be provided to establish a prescriptive title in either or both. While it would have been better to sever the action, trying each claim separately, neither party objected to trying them together. Defendant contends plaintiffs failed to establish a substantial identity of the easement claimed because they sought easements in two paths under a single servient estate. However, the jury awarded an easement in one path only; thus, defendant's contention becomes moot.

[2] Defendant next contends the trial court erred in denying his motion for a directed verdict and judgment notwithstanding the verdict on the evidence of this case. Defendants are entitled to a directed verdict and, thus, a judgment notwithstanding the verdict only if the evidence when considered in the light most favorable to plaintiffs, fails to show the existence of each and every element required to establish an easement by prescription. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974). Plaintiffs on such a motion are entitled to the benefit of every reasonable inference which may be legitimately drawn from the evidence, and all evidentiary conflicts must be resolved in their favor. *Potts v. Burnette*, 301 N.C. 663, 273 S.E. 2d 285 (1981); *Daughtry v. Turnage*, 295 N.C. 543, 246 S.E. 2d 788 (1978).

In order to prevail in an action to establish an easement by prescription, plaintiffs must prove the following elements by the greater weight of the evidence:

> (1) that the use is adverse, hostile or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for a period of at least twenty years; and (4) that there is substantial identity of the easement claimed throughout the twenty-year period.

*Potts v. Burnette, supra* at 666, 273 S.E. 2d at 287-88, *citing Dickinson v. Pate, supra* at 580-81, 201 S.E. 2d at 900-01. Defendant contends the acts committed by plaintiffs to be insufficient evidence of a hostile character of their use of the paths to create an issue of fact for the jury.

A hostile use has been defined as "a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under claim of right." *Dulin v. Faires*, 266 N.C. 257, 261, 145 S.E. 2d 873, 875 (1966). The term adverse use or possession implies a use or possession that is not only under a claim of right, but that is open and of such character that the true owner may have notice of the claim; and this may be proven by circumstances as well as by direct evidence. *Snowden v. Bell*, 159 N.C. 497, 500, 75 S.E. 721, 722 (1912).

Plaintiffs' evidence showed substantially the following: Upon purchasing the Bishop and Powell land, William P. Benthall, Jr. immediately began farming the property. From 1943 to 1957 he farmed the property himself. From 1957 to 1963 he farmed the property in partnership with Henry Bennett. Beginning in 1963, he rented to Henry Bennett the right to raise row crops on a portion of the property. He retained, however, the right to pasture cattle on some of the property throughout this period and on into the late 1960's. Plaintiff Patricia Benthall Warmack's husband logged the property using the same path for purposes of ingress and egress in 1967. Every year from the time that Benthall, Jr. stopped farming the Bishop and Powell tract until Charles Patrick Warmack, grandson of Benthall, Jr., began farming it, the Benthalls kept a large garden on the property and used the path in order to get to the property to tend the garden. From 1969 until about 1975, the hunting rights to the Bishop and Powell tract were leased to Robert Earl Fields and Robert Gary Fields and their hunting club. W. P. Benthall, Jr. showed them the path in question and indicated to them that this was their means of ingress and egress into the property in order to exercise and enjoy the hunting rights they had leased. In 1975, Charles Patrick Warmack began preparing the pasture areas for a cattle operation which he began in 1976. From 1976 to 1979 he operated a cattle farming operation, and in 1979 he took over the row crops raised on the Bishop and Powell land. All the farming operations required regular access into and out of the Bishop and Powell tract, and the testimony of all witnesses was that the path in question, described as the path by the red barn, was the means used for ingress and egress to the property. Plaintiff Patricia Benthall Warmack testified that she had a right to use the path. W. P. Benthall, Jr. and Charles Patrick Warmack both engaged in main-

tenance of the path, as well as Henry Bennett while he was a tenant.

It is well settled in North Carolina that the user of a way or path over the lands of another is presumed to be permissive. *Potts v. Burnette, supra* at 667, 273 S.E. 2d at 288. In *Potts*, our Supreme Court refused to adopt the rule, obtaining in a majority of jurisdictions, that the user is presumed to be adverse. Thus, in order for plaintiffs to have succeeded in their claim, they must have shown sufficient evidence of the hostile character of their use to have created an issue of fact for the jury. This we believe plaintiffs have done from the foregoing evidence. Although there is some evidence that Charles Patrick Warmack sought permission from defendant to bar others from coming on the premises while deer hunting, and the defendant refused, it is noted that he was a tenant only at the time, and this single act of acquiescence by him is insufficient to defeat the claim of hostility otherwise shown by plaintiffs' evidence.

[3] Defendant further contends that plaintiffs by their own witnesses have shown that the paths have been used by the public at large, thus defeating the hostile and exclusive claim necessary for adverse possession, citing *Orange Grocery Co. v. CPHC Investors*, 63 N.C. App. 136, 304 S.E. 2d 259 (1983). In that case, plaintiff failed to show any claim of right or hostile use for the required twenty-year period. Furthermore, witnesses testified that a portion of the disputed right of way was used by the public as a driveway connecting two streets for years and was closed in 1967. The area in dispute had been used for entrance for a parking lot and a drive-in bank window. Such public use is remote from the evidence in the case *sub judice* of plaintiffs' neighbors from time to time using the paths in a neighborly fashion in passing to and from their own property and not plaintiffs' lands. We do not believe that persons claiming an area adversely and hostile are compelled to bar all other persons at all times from traversing the property in dispute. If such were the case, neighborly relationships would be destroyed, and the conduct of business on the premises would cease. Rather, we believe that acts of hostility should be manifested by such acts which tend to give notice to the owner of the servient estate that the use is being made under a claim of right and which repel the permissive inference that the use is with the owner's consent. *Dickinson v. Pake, supra* at

580-81, 201 S.E. 2d at 900. Plaintiffs' evidence set forth the element of hostility required to overcome the inference of permissiveness.

[4] Defendant in two arguments contends that plaintiffs have failed to prove that the use has been continuous and uninterrupted for a period of at least twenty years. First, defendant argues that the farm tenancy agreement between W. P. Benthall as owner and Henry Bennett as tenant running from 1953 until 1979 was defeated by Bennett's farm tenancy agreement with defendant or his predecessors in title between 1967 and 1982. Defendant argues that during the period when Bennett's leases overlapped, possession of the dominant and servient estates were under the same party, and that the time for acquiring an easement does not run or is tolled during such period. See 28 C.J.S., *Easements* § 14(g), p. 658; Webster's Real Estate Law in North Carolina § 321 (2nd ed. 1971). Defendant contends that since possession was vested in Bennett during this period, defendant was unable to resist plaintiffs' alleged adverse use, because any right of action against such use would have belonged to Mr. Bennett. "[I]f a landlord is unable in law to resist an alleged adverse claim, a right by prescription cannot be acquired against him while the property is in the possession of the tenant." 25 Am. Jur. 2d, *Easements and Licenses* § 40, p. 454. However, the record reflects that Bennett leased only a portion of plaintiffs' lands for row crops during the period, and plaintiffs retained a portion of the farm for cattle raising at the time. During the periods of the lease plaintiffs continued to use the paths in connection with his cattle farming. Defendant has shown no cases for tolling the statute under North Carolina law, and we decline to agree with his argument.

Second, defendant argues that the erection of an electric fence across the path destroyed the continuous use by plaintiffs, citing *Ingraham v. Hough*, 46 N.C. 39 (1853). That case is distinguishable in that not only was a gate erected but the path was plowed, showing without question that an interruption was intended. The record reveals in the case *sub judice* that a hook was placed on the wire where it crossed the path, which could be disengaged to permit passage beyond. We believe the presence of the wire hook which could be disengaged indicates that passage was still anticipated along the way. Defendant has failed to show

any tolling of the statute to defeat plaintiffs' contention of continuous possession.

[5]   Defendant next contends in several assignments of error that the trial judge erred in allowing certain evidence and in his charge to the jury. First, defendant argues the judge erred in refusing to instruct the jury of the relevancy of defendant's close familial relationship to plaintiffs, i.e., first cousins. The trial judge was correct in admitting evidence of the kinship between the parties for consideration by the jury and nothing more. In *Ingraham v. Hough*, 46 N.C. 39 (1853), the Supreme Court held that the fact that the parties were brothers was some evidence, though slight, which could be considered by the jury in connection with other facts. *Id.* at 42. The trial judge correctly refused to make the charge requested.

Secondly, we find no prejudicial error in the trial judge accepting evidence over defendant's objection regarding use of the paths prior to 1949. The judge charged the jury to consider evidence of adverse possession only from 1949 forward. Defendant has failed to demonstrate prejudicial error.

Third, defendant requested the trial judge to charge the jury that the proper period for consideration for a prescriptive right was twenty years next preceding the claim. The trial judge refused to so charge, and defendant excepted. He cites no authority for his position, and we have found none. A careful reading of the guidelines in *Dickinson v. Pake, supra*, and other related cases, finds no such requirement. We believe that title vests in the claimant upon twenty years of continuous and uninterrupted possession, all other requirements having been met, and the bringing of suit at any time thereafter simply gives record title to the property or interest in property acquired.

We have examined defendant's remaining arguments and find them without merit. Because of our disposition of this case, we conclude plaintiffs' cross-appeal becomes moot.

In conclusion we find the trial court did not err in denying defendant's motion for a directed verdict and subsequently his motion for judgment notwithstanding the verdict. All of the elements of the cause of action were sufficiently established in the

record for consideration by the jury. The jury has spoken. The judgment of the trial court is

Affirmed.

Judges HEDRICK and WEBB concur.