GRACE PERRY v. K. C. WILLIAMS AND WIFE, MARY ANN WILLIAMS; J. C. HOLLOMAN AND WIFE, LILLIAN EARL HOLLOMAN

No. 866DC593

(Filed 3 March 1987)

Easements § 6.1— road to farmland—easement by prescription—sufficiency of evidence

 Plaintiff presented sufficient evidence at trial to establish each essential element of an easement by prescription and thus permit submission of the question to the jury where plaintiff's evidence tended to show that her use of the roadway was without permission and was under a claim of right; she and her agent used the roadway at all hours of the day during the farming seasons; plaintiff and her predecessors in title began using the roadway in 1942 and used it every season that the land was farmed until the roadway was blocked by defendants in May 1985; and the roadway in question had been in existence for substantially more than forty years and had remained in essentially the same location.

APPEAL by plaintiff from *Long (Nicholas), Judge.* Judgment entered 4 February 1986 in District Court, BERTIE County. Heard in the Court of Appeals 18 November 1986.

 *Grant, Lewis & Grant, by W. Rob Lewis, attorney for plaintiff appellant.*

 *Pritchett, Cooke & Burch, by William W. Pritchett, Jr., attorney for defendant appellees.*

ORR, Judge.

 The single issue on appeal is whether plaintiff presented sufficient evidence at trial to establish each essential element of an easement by prescription, and, thus, permit submission of the question to a jury. We hold that she did and the trial court's entry of judgment notwithstanding the verdict was error.

 Plaintiff instituted this action in June 1985 seeking a permanent injunction against defendants to restrain them from obstructing a roadway over lands of the defendants in which plaintiff claims an easement by prescription.

 Plaintiff alleged in her complaint that she and her predecessors in title have used the roadway over defendants' land for ingress and egress to plaintiff's farm for the purpose of cultivating,

harvesting, and transporting crops grown thereon. Plaintiff further contends this use of the roadway has been hostile, open, notorious, and continuous for a period of at least forty years. Defendants denied the material allegations of the complaint.

At trial, plaintiff's evidence tended to show that her use of the roadway was without permission; was under a claim of right; and that she and her agent used the roadway at all hours of the day during the farming seasons. Plaintiff and her predecessors in title began using the roadway in 1942, and have used it every season the land was farmed until the roadway was blocked by defendants in May 1985. The roadway in question has been in existence for substantially more than forty years and has remained in essentially the same location.

After the trial court denied defendants' motion for a directed verdict, the issue of whether an easement by prescription had been created in the roadway was submitted to the jury. The jury returned judgment in plaintiff's favor, granting plaintiff a permanent easement in the roadway over defendants' land. Defendants filed a motion under N.C.G.S. § 1A-1, Rule 50(b) for judgment notwithstanding the verdict, which the trial court granted, setting aside the judgment for plaintiff, and entering judgment for defendants. Plaintiff appeals to this Court.

Other facts pertinent to this decision will be set out below.

A motion for a judgment notwithstanding the verdict, like a motion for a directed verdict, will be granted only if the evidence, considered in the light most favorable to the plaintiff, is insufficient as a matter of law to justify a verdict for the plaintiff. *Potts v. Burnette*, 301 N.C. 663, 273 S.E. 2d 285 (1981); *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974). In judging the sufficiency of the evidence, the plaintiff is entitled to the benefit of every reasonable inference which may be drawn, and all evidentiary conflicts must be resolved in her favor. *Potts v. Burnette*, 301 N.C. 663, 273 S.E. 2d 285.

To obtain a prescriptive easement plaintiff must establish four elements by the greater weight of the evidence: "(1) that the use is adverse, hostile or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted

for a period of at least twenty years; and (4) that there is substantial identity of the easement claimed throughout the twenty-year period." *Potts v. Burnette*, 301 N.C. at 666, 273 S.E. 2d at 287-88; *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897.

The first element, a hostile use, is defined as "simply a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under claim of right." *Dulin v. Faires*, 266 N.C. 257, 261, 145 S.E. 2d 873, 875 (1966). A heated controversy or a manifestation of ill will is not required to establish hostility; however, there must be some evidence refuting the inference that the use is permissive and with the owner's consent. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897.

In *Dickinson* and *Potts*, actions taken by the plaintiffs to maintain or improve the roadway underlying the prescriptive easement were sufficient to rebut the presumption of permissive use. In *Dickinson*, plaintiffs raked leaves and scattered oyster shells in the roadway, performing the slight maintenance required to keep the road in passable condition. *Dickinson*, 284 N.C. 576, 201 S.E. 2d 897. In *Potts*, plaintiffs, on at least one occasion, smoothed, graded, and graveled the road, and on other occasions, attempted to work on it. *Potts*, 301 N.C. 663, 273 S.E. 2d 285.

In the case *sub judice* David White, plaintiff's agent, testified at trial that he placed brickbats and rocks in holes, hauled sand to fill in low areas, and cut trees and bushes in order to maintain the roadway for plaintiff's use. White's testimony is corroborated in part by defendant K. C. Williams' testimony that he found brickbats and rock debris in the roadway, when the roadway was washed out by flooding. No permission was ever asked or given to use the farm path, and statements made by plaintiff and her agent to defendants show they believed their use of the road was by right and not by privilege. This evidence was sufficient to rebut the presumption of permissive use.

The second element, open and notorious use, requires that the use be "not only under a claim of right, but that it is open and of such character that the true owner may have notice of the claim." *Snowden v. Bell*, 159 N.C. 497, 500, 75 S.E. 721, 722 (1912). Plaintiff presented evidence that the roadway was used for the transportation of all the large farming equipment—tractors, wag-

ons, and harvesters—used in conducting the farming operation, and that the roadway was used for ingress and egress by this equipment at all hours of the day during the farming season. Such use, being neither covert nor hidden, was sufficient to give open and notorious notice to defendants that plaintiff was acting under a claim of right. *Warmack v. Cooke*, 71 N.C. App. 548, 322 S.E. 2d 804 (1984), *disc. rev. denied*, 313 N.C. 515, 329 S.E. 2d 401 (1985).

The third element, continuous and uninterrupted use for a period of at least twenty years, requires that the use be exercised more or less frequently, according to the nature and purpose of the easement. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897. In the present case the use was confined to supplying the farm's agricultural needs during the farming season. According to plaintiff's testimony, the use began in 1942, when plaintiff's brother-in-law began farming the property, and continued every farming season thereafter until the roadway was blocked by defendants in May 1985. Such use for over a twenty-year period was consistent with the purpose of the easement and was sufficient to satisfy this element. *Williams v. Buchanan*, 23 N.C. 535 (1841); J. Webster, *Real Estate Law in North Carolina* § 321 (1981).

The fourth and final element, that there be substantial identity of the easement claimed throughout the twenty-year period, was not in issue at the trial. The exhibits presented by both plaintiff and defendants clearly identified the roadway as being in the same location, and both parties agreed that its location had not deviated substantially since 1942.

Plaintiff presented sufficient evidence, through the use of exhibits and testimony, establishing each of the four elements required for finding the existence of a permanent prescriptive easement.

Defendants did not challenge the competency of plaintiff's evidence. The single issue remaining at trial was the credibility of plaintiff's evidence, a question reserved exclusively for the jury's determination. "Appellate courts, absent error of law, are bound by the jury's verdict." *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 473, 279 S.E. 2d 559, 565 (1981). Having found that the evidence at trial was sufficient to go to the jury and that no errors of law were committed, we hold that the judgment notwithstanding the verdict must be reversed and the judgment in favor of

plaintiff reinstated. We remand, therefore, to the District Court, Bertie County, for entry of judgment in accordance with the jury verdict in favor of plaintiff.

Reversed and remanded.

Judges WELLS and BECTON concur.