LORI D. LOFTIS, as Guardian ad Litem for NICHOLAS ROTHENBERG, a minor, and JOSEPH and ALINA ROTHENBERG, parents of Nicholas Rothenberg, Plaintiffs v. LITTLE LEAGUE BASEBALL, INC., and MOUNTAINEER LITTLE LEAGUE, Defendants

No. COA04-532

(Filed 15 March 2005)

**Negligence— safety manuals—not distributed—not proximate cause**

> The trial court erred by denying defendants' motion for judgment notwithstanding the verdict on plaintiff's claim that Little League, Inc. was liable under a direct negligence theory for an accident which occurred during a pop fly drill at a baseball practice. Plaintiffs' evidence did not show that the minor plaintiff's injuries would not have occurred if Little League had distributed its safety publications to individual coaches.

Appeal by defendants from judgment entered 29 December 2003 by Judge James U. Downs in Haywood County Superior Court. Heard in the Court of Appeals 31 January 2005.

*Kight Law Office, by D. Rodney Kight, Jr., for plaintiffs-appellees.*

*Van Winkle, Buck, Wall, Starnes, & Davis, P.A., by Allan R. Tarleton, for defendants-appellants.*

ELMORE, Judge.

In the spring of 1999, nine-year-old Nicholas Rothenberg (the minor plaintiff) played for a Little League baseball team coached by Mike Meissner (Coach Meissner). Plaintiff Joseph Rothenberg, the minor plaintiff's father, was the assistant coach of the team. On the afternoon of 17 April 1999, Coach Meissner conducted a pop fly drill at practice. Coach Meissner would hit a ball from where he was standing near third base to players in the outfield. The minor plaintiff dove for a ball in an attempt to catch it, but the ball struck him in the mouth.

Plaintiffs filed a negligence action against Little League Baseball, Inc. (Little League), Mountaineer Little League, and Terry Warren, the safety director of Mountaineer Little League. Plaintiffs filed a notice of voluntary dismissal as to defendant Terry Warren. In their com-

LOFTIS v. LITTLE LEAGUE BASEBALL, INC.

[169 N.C. App. 219 (2005)]

plaint, plaintiffs alleged that Little League was negligent under two theories: 1) on the basis of *respondeat superior* through the actions of Coach Meissner; and 2) in failing to conduct training sessions or distribute safety publications to coaches. Trial began on 27 October 2003, and plaintiffs proceeded with both theories of negligence against Little League.

As evidence of direct negligence, plaintiffs introduced several coaching instruction manuals as exhibits to show that Little League publishes materials on the subject of coaching drills. Coach Meissner testified that he did not receive any of these coaching manuals; the only publication he received from Little League was the 1999 Official Regulations and Playing Rules.

Plaintiffs' evidence of negligence by Coach Meissner tended to show that on the day of the accident, Coach Meissner was hitting fly balls to a group of players in right field at distances of between 200 and 300 feet from his position between second and third base. Plaintiff Joseph Rothenberg testified that the sun was directly overhead at the time of the drill. The day before, Mr. Rothenberg had been conducting a drill where he would hit fly balls to players one at a time and at a distance of between 80 and 100 feet away. Also, plaintiffs presented evidence that Little League had prepared a practice schedule for coaches and that Coach Meissner distributed this schedule to the parents and players. At the time of the incident, Coach Meissner was conducting a Saturday practice for which he had reserved the field by contacting a Little League representative.

The trial court denied defendants' motion for a directed verdict at the close of plaintiffs' evidence and again at the close of all evidence. The court held a charge conference to discuss the verdict form to be submitted to the jury. Defendants did not object to the proposed instructions.[1] The jury answered the issues submitted to them on the verdict form as follows:

1. Was the minor plaintiff, Nicholas Rothenberg, injured by the negligence of the coach, Michael Meissner? No

*If you answer the first issue "No," do not answer the next two issues.*

---

1. As defendants failed to object to the instructions before the jury retired to consider its verdict, defendants may not assign error to the instructions on appeal. N.C.R. App. P. 10(b) (2004). Thus, we do not address defendants' assignments of error concerning the court's instructions to the jury.

2. Was the coach, Michael Meissner, the agent of Little League Baseball, Inc.?

3. Was the coach, Michael Meissner, the agent of Mountaineer Little League?

4. Was the minor plaintiff, Nicholas Rothenberg, injured by the negligence of Little League Baseball, Inc.?  <u>Yes</u>

5. Was the minor plaintiff, Nicholas Rothenberg, injured by the negligence of Mountaineer Little League?  <u>No</u>

*If you answer issues (1), (4), and (5), "No," do not answer the next issue as to damages.*

*If you answer issues (2), (3), (4), and (5) "No," do not answer the next issue as to damages.*

6.  What amount of damages are the Plaintiffs entitled to recover?

a.  For medical expenses  <u>$15,000.</u>

b.  For pain and suffering  <u>$5,000.</u>

Defendants moved for judgment notwithstanding the verdict, but the court denied the motion and entered a judgment against defendants in the amount of $20,000.00 plus costs. From this judgment entered 29 December 2003, defendants appeal.

Defendants assign error to the trial court's denial of their motion for judgment notwithstanding the verdict. A motion for judgment notwithstanding the verdict presents the question of whether the evidence was sufficient for submission to the jury. *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 642, 644, 272 S.E.2d 357, 359 (1980). The trial court must consider the evidence in the light most favorable to the party opposing the motion, and all conflicts in the evidence are resolved in favor of the opponent. *Morrison v. Kiwanis Club*, 52 N.C. App. 454, 462, 279 S.E.2d 96, 101 (citing *Potts v. Burnette*, 301 N.C. 663, 273 S.E.2d 285 (1981)), *disc. review denied*, 304 N.C. 196, 285 S.E.2d 100 (1981).

At the outset, we note that the jury found that Coach Meissner was not negligent in conducting the drill that caused the minor plaintiff's injuries. Therefore, defendants are not liable on the theory of *respondeat superior*, and we review the question of whether the evidence was sufficient for submission to the jury solely on the theory of Little League's own negligence. Defendants argue that plaintiffs did

not present evidence of proximate cause connecting Little League to the minor plaintiff's injuries. We agree. Proximate cause is defined as:

> a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and *without which the injuries would not have occurred*, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed.

*Lynn v. Overbrook Development*, 328 N.C. 689, 696, 403 S.E.2d 469, 473 (1991) (citations omitted).

At trial, plaintiffs introduced several exhibits in support of their claim alleging that Little League's own negligence in failing to provide coaching manuals caused the minor plaintiff's injuries. Plaintiffs' exhibit 8 contained excerpts from a publication titled "Leadership Training for Little League Managers and Coaches." This publication states on page 47 that a coach should throw fly balls to outfielders from a short distance away and on page 73 that players should not be expected to perform a skill until that skill has been given appropriate teaching and practice time. Plaintiffs' exhibit 9, an excerpt from the "Instruction Manual for Managers and Coaches of Players 9 to 12 Years," provides a pictorial example of a fly ball drill in which the coach throws the ball to each player, one player at a time.

Plaintiffs assert that proximate cause was a question for the jury because their evidence showed that "[h]ad the Coach been provided with [these safety publications], he would have known the proper and safe way to conduct the drill." However, plaintiffs offered no testimony that had Coach Meissner received these manuals, he would have read each section pertinent to practice drills prior to conducting each drill. Moreover, plaintiffs' evidence fails to establish that a coach would be required, or even expected, to comply with the drills outlined in Little League coaching manuals. Thus, plaintiffs' evidence fails to show that the minor plaintiff's injuries would not have occurred if Little League had distributed several of its safety publications to individual coaches. *See Morrison*, 52 N.C. App. at 463, 279 S.E.2d at 102 (judgment notwithstanding the verdict was proper on issue of proximate cause where no evidence that accident would not have occurred if defendant Kiwanis Club had followed the customary standards for operating camps for handicapped children). Therefore, even assuming that Little League was negligent in failing to distribute

coaching safety manuals, the evidence in the record simply does not show that any negligence by Little League was the proximate cause of the minor plaintiff being hit by a ball during an outfield drill.

Accordingly, we hold that the trial court erred in denying defendants' motion for judgment notwithstanding the verdict on plaintiffs' claim that Little League was liable under a direct negligence theory. As the jury returned a verdict in favor of plaintiffs on this theory of liability alone, we must reverse the judgment in favor of plaintiffs.

Reversed.

Chief Judge MARTIN and Judge McCULLOUGH concur.