IN THE SUPREME COURT OF NORTH CAROLINA

No. 219A23

Filed 23 May 2024

WILLIAM HINMAN and JOANNE W. HINMAN

v.

WADE R. CORNETT and TERESA B. CORNETT

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 290 N.C. App. 30 (2023), reversing in part and remanding a summary judgment order entered on 22 November 2021 by Judge Susan E. Bray in Superior Court, Forsyth County. Heard in the Supreme Court on 16 April 2024.

*Craige Jenkins Liipfert & Walker LLP, by Thomas J. Doughton, for plaintiff-appellants.*

*Law Office of Richard Munday, by Richard Munday, for defendant-appellees.*

RIGGS, Justice.

This appeal tasks us with resolving whether defendants Wade R. Cornett and Teresa B. Cornett supported their claim for adverse possession at summary judgment sufficiently to send the claim to the jury. Specifically, we resolve whether their forecast of evidence, considered in the light most favorable to the Cornetts, created a genuine issue of material fact as to the hostility of their use of the disputed tract. After careful review, we agree with the Court of Appeals that the Cornetts' evidence, if credited, adequately established hostility—as well as all other elements of adverse possession—sufficient to survive summary judgment and submit the claim to the

jury. We therefore affirm the opinion of the Court of Appeals and remand this matter for further proceedings in the trial court.

## I.  Factual and Procedural History

The Cornetts have lived on Griffin Road in Rural Hall, North Carolina, since 1983. After renting the property—identified in the record as Tract 1—for twelve years, the Cornetts purchased it and an adjoining tract to the south—Tract 2—from their lessor in 1995. The 1995 deed to the Cornetts showed a thirty-foot access easement along the western edges of both tracts, as Tract 2 did not abut or have access to Griffin Road. The Cornetts' neighbor owned the servient tract on which the easement ran.

According to the Cornetts, the easement area along the western boundary of both tracts had always been used for access to Griffin Road. The Cornetts had used a gravel driveway in the easement to reach the street upon moving into the home on Tract 1 in 1983. An existing carport utilized by the Cornetts straddled Tract 1 and the easement. A chain link fence surrounding the Cornetts' carport and a brick driveway column also sat in the easement. The Cornetts made other improvements in the easement over the ensuing decades. A shelter and additional carport were built partially in the easement in 1991 and 1996, respectively. They also installed a split rail fence, drainage piping, a garden, and crepe myrtle trees inside the easement, all under the apparent belief that they owned the property in the easement. The

Cornetts and their neighbor on the servient tract, Bennie Church,[1] jointly agreed to pave the gravel access road; however, the road as paved did not follow the easement as recorded on the Cornetts' deed, and instead fell roughly halfway inside the easement's western border.

Bennie Church died in 2009, and the servient tract eventually came into possession of Alison and Mitchell Church. The Churches sold the land to plaintiffs Joanne and William Hinman in 2019. After closing on the property, the Hinmans commissioned a survey, which confirmed the existence of the easement on their land. They thereafter demanded the Cornetts remove the various improvements built inside the easement and asserted that the Cornetts could not use the portion of the paved driveway falling outside the easement boundary. The Cornetts refused both demands, and the Hinmans brought suit for trespass and to quiet title on 23 March 2021. The Cornetts filed a combined answer, motion to dismiss, and counterclaims on 26 May 2021, alleging adverse possession of the disputed area and nuisance in connection with an alleged spite fence constructed by the Hinmans.

Following discovery—which included the depositions of the Cornetts—the parties lodged competing motions for summary judgment. The trial court granted summary judgment for the Hinmans on all claims. The Cornetts appealed the trial court's judgment to the Court of Appeals.

---

[1] The recorded deeds in the record do not demonstrate ownership of the servient tract by Mr. Church, but both parties agree that he at least resided there during the time frames discussed.

On 1 August 2023, that court issued a divided opinion reversing the trial court and remanding for further proceedings. *Hinman v. Cornett*, 290 N.C. App. 30 (2023) (plurality opinion). Writing for the court, the authoring judge opined that the Cornetts' evidence showed open, continuous, exclusive, actual, and notorious use of the disputed land falling between the eastern edge of the paved driveway and the Cornetts' property line for over twenty years. *Id.* at 42. Because summary judgment on this issue was improper, and because the unresolved issue of ownership necessarily bore on the Hinmans' trespass claim and the Cornetts' nuisance counterclaim, the authoring judge further concluded that summary judgment for the Hinmans on those claims was likewise in error. *Id.* at 44-45. As for the right of access conferred by the easement, the plurality and the dissenting judge held that the easement granted access to Tract 2 only. *Id.*

The dissenting judge disagreed with the plurality's holding that the forecasted evidence showed hostile possession by the Cornetts. *Id.* at 47-50 (Tyson, J., concurring in the result in part and dissenting in part). Relying on Mr. Cornett's deposition testimony that Bennie Church " 'was fine with [the Cornetts] using the driveway['] . . . [and that] there was no problem with the placement of drainage pipes in the easement from the Churches nor when they planted the crepe myrtles in the easement," the dissenting judge would have held that the Cornetts' use was "permissive . . . [and] tolled the running of the twenty-year statute of limitations pursuant to N.C. Gen. Stat. § 1-40." *Id.* at 49. He otherwise agreed with the

plurality's holding confining the easement's access rights only to Tract 2. *Id.* at 50. The Hinmans now appeal on the basis of the dissent.

## II.    Analysis

The principal issue raised by the dissent—and thus the issue properly before us under the grant of jurisdiction found in N.C.G.S. § 7A-30(2) and N.C. R. App. P. 14—is whether the Cornetts' evidence raised a genuine issue of material fact concerning the hostility element of adverse possession sufficient to survive summary judgment. Applying the appropriate standard of review to this issue, we affirm the plurality opinion of the Court of Appeals.

### A. Standard of Review

We review a trial court's summary judgment order de novo. *E.g.*, *Forbis v. Neal*, 361 N.C. 519, 524 (2007). A movant is entitled to summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" show that the movant is "entitled to a judgment as a matter of law" and "that there is no genuine issue as to any material fact." N.C. R. Civ. P. 56(c). The evidence proffered at summary judgment must be taken in the light most favorable to the nonmovant. *E.g.*, *Caldwell v. Deese*, 288 N.C. 375, 378 (1975).

### B. Hostile Possession

Adverse possession under claim of right without color of title requires actual, open, notorious, continuous, and hostile possession for a period of at least twenty years. N.C.G.S. § 1-40 (2023); *see also Newkirk v. Porter*, 237 N.C. 115, 119 (1953).

The latter element—hostility—does not require a rancorous row between claimants or that the adverse possessor to act with the mind of a thief; instead, "when a landowner, acting under a mistake as to the true boundary between his property and that of another, takes possession of the land believing it to be his own and claims title thereto, his possession and claim of title is adverse." *Walls v. Grohman*, 315 N.C. 239, 249 (1985).

Permissive use may defeat an assertion of hostility. *Potts v. Burnette*, 301 N.C. 663, 666 (1981). Indeed, the law presumes that use by a person other than the landowner is permissive. *Id.* at 666-67. That presumption is rebutted where there is "some evidence accompanying the user which tends to . . . repel the inference that it is permissive and with the owner's consent." *Dickinson v. Pake*, 284 N.C. 576, 581 (1974). Use and improvement of property under a mistake of right and without permission has long constituted evidence sufficient to rebut this presumption in the context of prescriptive easements. *See Potts*, 301 N.C. at 668 (holding that evidence taken in the light most favorable to the nonmovant on directed verdict rebutted the presumption of permissive use where "[n]o permission has ever been asked or given[,] [p]laintiffs . . . smoothed, graded and gravelled the road . . . , [and] there was abundant evidence that plaintiffs considered their use of the road to be a *right* and not a privilege"). And, because the mind of a thief is no longer required to establish a claim of adverse possession, so, too, does use and improvement under a mistake of ownership without the true owner's permission. *Cf. Walls*, 315 N.C. at 249 ("[W]hen

a landowner, acting under a mistake as to the true boundary between his property and that of another, takes possession of the land believing it to be his own and claims title thereto, his possession and claim of title is adverse.").

The Cornetts' evidence in this case sufficed to raise a genuine issue of material fact concerning the hostility of their possession of the land between the eastern edge of the paved driveway and the property lines of Tracts 1 and 2. Mr. Cornett testified that he always believed he owned the entirety of the property within the easement, a mistake that does not serve to defeat any assertion of hostility. *Id.* Ms. Cornett testified that no one ever asked them or complained about their use of the disputed land and driveway, and "[n]o one ever told us that that part was not—not ours." The Cornetts also built permanent fixtures between the edge of the paved driveway and their property line; this permanent use and improvement of the land beyond that granted by the easement—together with the Cornetts' mistaken belief of ownership and their testimony that no one demanded permission or complained about their use of the land—are sufficient to rebut any presumption of permissive use. *Potts*, 301 N.C. at 666; *Dickinson*, 284 N.C. at 581.

The Hinmans and the dissent below urge the opposite conclusion based on an overreading of the evidence and caselaw. While it is true that Mr. Cornett testified that Mr. Church did not object to the Cornetts' use of the driveway and that no one complained about the improvements and use of the land east of the pavement, this evidence, considered in the light most favorable to the Cornetts, does not amount to

an express or admitted grant of permission as concluded by the dissenting judge. This testimony does not foreclose, for example, the possibility that the Hinmans' predecessors in interest did not object to the Cornetts' use of the disputed land because they, too, believed it to be the Cornetts' property. Because this evidence is reconcilable with a finding that the Hinmans' predecessors in interest never gave the Cornetts permission or consent to use and treat the disputed land as their own—and because the Cornetts' mistaken belief of ownership and their permanent improvements on the property constitute evidence rebutting the presumption of permissive use—the Court of Appeals properly held that a genuine issue of material fact existed as to the Cornetts' hostile possession of the property by mistake.

The cases relied upon by the Hinmans and the dissent, *Eason v. Spence*, 232 N.C. 579 (1950), and *Jones v. Miles*, 189 N.C. App. 289 (2008), neither compel nor caution a different outcome. In *Eason*, we held that a landowner may lose title to an adverse possessor only when "he has legal power to stop it," 232 N.C. at 587, and persons validly occupying land under a life estate do not begin adversely possessing property against remaindermen or reversioners until the life tenant dies and the life estate is extinguished, *id*. Those circumstances—an attempt to count the length of a lawful life tenancy towards the statutorily prescribed time for adverse possession— are not present under the facts here. Nor does the plurality decision of the Court of Appeals in this case conflict with that court's prior decision in *Jones*; that case merely recognizes that permissive use defeats hostility when the adverse possessor

encroaches on the landowner's property, the landowner gives permission for the encroachment, and the adverse possessor fails to reassert any claim of exclusive right and ownership to the subject land. 189 N.C. App. at 294. As explained above, the evidence taken in the light most favorable to the Cornetts does not disclose a grant of permission by the Hinmans' predecessors in interest for the Cornetts' permanent improvements and continued exclusive use of the land between their property line and the eastern edge of the paved driveway.

## III. Conclusion

For the foregoing reasons, we affirm the decision of the Court of Appeals reversing summary judgment in favor of the Hinmans and remand this case to that court for further remand to the trial court for further proceedings not inconsistent with this opinion.

AFFIRMED AND REMANDED.